# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 00-60210

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL PAUL SLATTERY,

Defendant-Appellant.

---

Appeals from the United States District Court
for the Northern District of Mississippi
(2:98-CR-125-1-B-B)

---

May 2, 2001

Before STEWART and PARKER, Circuit Judges and GOLDBERG, Judge:[*]

PER CURIAM [**]

Michael Paul Slattery ("Slattery") appeals his conviction for traveling across a state line for the purpose of engaging in sexual activity with a minor. See 18 U.S.C. § 2423 (b).

Slattery argues that the trial court committed reversible error by not granting his Motion in Limine pertaining to the testimony of James Shepherd ("Shepherd") and the transcript of an October 31st chat introduced into evidence as Exhibit "2". Slattery maintains that Shepherd's testimony was

---

[*] Judge of the United States Court of International Trade, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not only false and perjurious, but that the government knew of its falsity prior to offering Shepherd as a witness. He alleges that the trial court committed reversible error by failing to grant his motion for Judgment of Acquittal or in the alternative a new trial. Moreover, Slattery argues that the government presented insufficient evidence to prove that he had the requisite specific criminal intent to have sex with a minor when he crossed the state line.

We have reviewed the record and find no reversible error. The District Court did not abuse its discretion in allowing Shepherd's testimony. Slattery admitted that the conversation occurred and that the content was accurate. He simply quarrels with the correctness of the timing given by Shepherd. In order to obtain a reversal of a conviction on the grounds that the government elicited false testimony, the defendant must show that the testimony was false, that the prosecution knew it was false, and that it was material. United States v. Haese, 162 F.3d 359, 365 (5th Cir. 1998), cert denied, 526 U.S. 1138 (1999). He has failed to make this showing. The timing of the communication is immaterial. False testimony is material if there is a reasonable likelihood that it could have affected the judgment of the jury. United States v. Grosz, 76 F.3d 1318, 1327 (5th Cir. 1996). Shepherd's testimony as to the timing of the communications is not material because the only contested issue is whether Slattery formed the requisite intent before he crossed the Mississippi-Alabama state line. The record supports the trial court's ruling on Shepherd's testimony.

Slattery maintains that there was insufficient evidence to prove that he had the intent to engage in sex with a minor when he crossed the state line. He argues that the "overwhelming proof in this case" demonstrates that he simply went to Mississippi to "check things out." However, considering the evidence presented, including the instant messages, e-mails, telephone conversations,

2

and Slattery's conversation with the undercover police officer, we find that there was sufficient evidence of Slattery's criminal intent when he crossed the state line.

Our review of the record shows no evidence of entrapment by the government. Thus, the trial court did not err in refusing to give the jury an entrapment instruction. Because we find the evidence sufficient to support the charge in the indictment, the conviction is AFFIRMED.